UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frank Vandever,<br>    *Plaintiff*,<br><br>    *v.*<br><br>J. Emmanuel, M. Strange, J. Lawrie, and S. Salius,<br>    *Defendants*. | Civil No. 3:06cv184 (JBA)<br><br><br><br>February 20, 2009 |

**ORDER OF DISMISSAL**

In this action brought pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Frank Vandever seeks relief arising out of a disciplinary incident which occurred more than a decade ago while he was incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut.  On December 16, 2008, the Court ordered Mr. Vandever to show cause why this case should not be dismissed on *res judicata* grounds based on an earlier case he tried to verdict before Judge Dorsey, captioned *Vandever v. Strange*, No. 3:04cv760.  The parties' briefs in response to this order are now before the Court.

*Res judicata*, or claim preclusion, means that a party may not split causes of action that "could be brought and resolved together."  *Nestor v. Pratt & Whitney*, 466 F.3d 65, 70 (2d Cir. 2006).  This doctrine means that once a case reaches a final judgment on the merits, the parties cannot later relitigate the issues that were raised or could have been raised in that earlier case.  *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000).  "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first."  *N.L.R.B. v. United Techs. Corp.*, 706 F.2d 1254, 1259–60 (2d Cir. 1983).

According to his complaint in this case, Mr. Vandever seeks damages and declaratory relief for the Defendants' "failures to administer, adhere to and implement their own policies and procedures mandated by their own administrative directives (A/D) [which] caused the Pl[aintiff] to be unjustifiabl[y] found guilty of a "contraband, class A" disciplinary report (D.R.)." (Compl. at 2.) Plaintiff also claims that these "errors and failures caused [him] to be wrongfully placed in punitive segregation (P/S) and wrongfully placed in administrative segregation (A/S)." (*Id.*) Mr. Vandever further alleges that these "deliberate acts . . . in [his] disciplinary hearing procedures and the imposing of excessive sanctions onto [him] violated his rights of the 5th, 8th, [and] 14th Amendments . . . [and also] violated [his] 1st and 4th Amendment rights . . . by seizing and never returning [his] approved reading material and property." (*Id.* at 2–3.) Mr. Vandever has named as Defendants J. Emmanuel, a disciplinary hearing officer, M. Strange, the warden at the facility, J. Lawrie, the investigative hearing officer, and S. Salius, the officer who searched Vandever's cell. (*Id.* at 5–7.) The sequence of events underlying his claims began in July 1997. (*Id.* at 7.)

The problem for Mr. Vandever is that the events described in his complaint also formed the basis for his earlier action before Judge Dorsey. In that case, Vandever named the same four defendants (plus a prison administrator, Fred Levesque), and described a similar set of allegations arising out of the 1997 disciplinary incident. (Compl., No. 3:04cv760 [Doc. # 1], at 1–6.) In his trial memorandum submitted in that case, Mr. Vandever described the nature of his claim as follows:

> The crux of Pl's claim is the wrongful placement of Pl. on administrative segregation (A/S) for nearly 2 years; and that the defendants (Defs) knowingly and deliberately denied Pl. proper due process by finding Pl. erroneously guilty of a disciplinary report for 'class A contraband.' After a state habeas hearing, Defs. had the disciplinary report expunged from Pl.'s

2

> records. As a result of the wrongful placement on A/S, Pl. lost statutory good-time (SGT), day-a-week credit, wages, and had to participate in an anger-management program designed for gang members and other inmates that are prone to violence.

(Pl.'s Trial Mem., No. 3:04cv760 [Doc. # 33] at 2–3.) Later in this memorandum, Vandever emphasized that his claims arose under the First and Fourth Amendments (for seizing his personal property), the Fifth Amendment (for depriving him of due process of law), the Eighth Amendment (for imposing harsh and atypical prison conditions), the Fourteenth Amendment (for placing him on administrative segregation without following proper procedures, and also under the Connecticut Constitution and state statutes. (*Id.* at 11–14.)

The Defendants contend that the close similarity between these two cases renders Mr. Vandever's current action barred by *res judicata*. Mr. Vandever raises several arguments in response. First, he attempts to distinguish the prior action on the ground that he is challenging only his punitive segregation in this case, not the administrative segregation at issue in the earlier case. This argument is unavailing because, even accepting this premise, the punitive and administrative segregation impose arose out of the same course of events, and were part of the same disciplinary process that was challenged in Mr. Vandever's first case. Second, he describes an *ex parte* conversation with Judge Dorsey in the first case and claims that this rendered the ultimate judgment in favor of the defendants "clearly illegal and out-of-bounds." That does not justify permitting this case to proceed, however, because the proper way to challenge flaws in this first proceeding would have been to take an appeal, which Mr. Vandever apparently did not do. Finally, Mr. Vandever references *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), but this does not alter the preclusive effect of the earlier judgment.

Thus, although this Court is mindful of the considerable latitude which must be afforded to *pro se* litigants such as Mr. Vandever, it remains inescapable that he already tried a case based on the same series of events to verdict and final judgment. Even if he now brings certain allegations that he did not press in that first case, *res judicata* means that Mr. Vandever cannot get a second bite at the apple.

Accordingly, because Mr. Vandever's claims in this case are barred by *res judicata*, this case must be dismissed. The Clerk is directed to close this case.

                                     IT IS SO ORDERED.

                                     /s/
                                     Janet Bond Arterton, U.S.D.J.